Vanessa Hickman (022406)
**OFFICE OF THE CITY ATTORNEY**
**CITY OF PEORIA**

David Benton (018237)
Amanda Sheridan (027360)
Saman J. Golestan (031710)
Physical Address:
8401 West Monroe Street
Peoria, Arizona 85345
Mailing Address:
Post Office Box 4038
Peoria, Arizona 85380-4038
Telephone: (623) 773-7330
Facsimile: (623) 773-7043
Email: Saman.Golestan@peoriaaz.gov
caofiling@peoriaaz.gov

*Attorneys for City of Peoria*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re: | Case No. 2:17-bk-11742-SHG |
|---|---|
| Peoria Regional Medical Center, LLC, aka Peoria Hospital LLC, | Chapter 11 Proceedings |
| Debtor. | **PEORIA'S OPPOSITION TO DEBTOR'S MOTION TO APPROVE PURCHASE CONTRACT** |

Peoria timely opposes Debtor's motion to approve purchase and sale agreement (PSA) filed with this Court on January 27, 2020 and its correction via notice of errata filed January 28, 2020 ("motion").

## I.    INTRODUCTION

Peoria has waited patiently for two and a half years for this bankruptcy process to

conclude, but the health and safety of Peoria's citizens can no longer wait on Debtor. Debtor's proposed purchase fails to account for Peoria's abatement order which applies to buyer, is unclear about buyer's funding source, raises questions about the purpose of this bankruptcy, and only further delays this prolonged process with an unreasonably long timeline.

Peoria has already filed a notice of intent to proceed with demolition of the steel structure and concrete foundation on the Property (APN 201-30-215), including reasons therefor citing to this Court's minute entry from the November 26, 2019 hearing. Based on that minute entry order, Peoria objects because Debtor has not "secured adequate assurance to dissuade the city's health and safety concerns."

Debtor's motion to approve the PSA should be denied. In the first alternative, the Court's approval should be conditioned upon Debtor demolishing the structure and concrete foundations on the Property. Or in the second alternative, the Court's approval should be conditioned upon allowing Peoria to demolish the structure and concrete foundations on the Property, and place a lien on the Property according to state law. Peoria also requests the proposed PSA be revised accordingly.

**II.   ARGUMENT**

    **A.**   **Debtor's Motion and PSA Are Silent About Peoria's Abatement Order**

Debtor's motion and proposed purchase agreement says absolutely nothing about Peoria's long-standing abatement order. It does not say whether Debtor will address any of Peoria's long-standing health and safety concerns before or during the sale. It does not provide notice to buyer about the existing abatement order or health and safety concerns, which is

2

required of the owner pursuant to Peoria City Code. Peoria Code Chapter 18, Section 18-4; 2018 International Property Maintenance Code (IPMC), Section 107.6. It does not put buyer on notice that Peoria's abatement order will transfer to buyer, and become buyer's responsibility, also required of the owner pursuant to Peoria City Code. Peoria Code Chapter 18, Section 18-4; 2018 IPMC, Section 107.6.

Instead of informing buyer about the abatement order on the property and ongoing health and safety concerns, the PSA actually states the Debtor is not aware of any "existing violations of any law, statute, government regulation or requirement concerning the Property." *Debtor's Motion Exhibit 1 PSA.*

This part of the PSA is concerning, not only because this Court has raised these specific concerns regarding conditions at the Property, but the Debtor has actual knowledge of Peoria's notice and order to abate for health and safety because the structure on the property is in violation of the International Property Municipal Code (IPMC). Debtor has actual knowledge of Debtor's administrative appeal and loss of the appeal. Debtor has knowledge of filing this bankruptcy shortly thereafter. Debtor has actual knowledge that the order to abate is still valid and active. Debtor has actual knowledge that Peoria seeks to remove the noncompliant structures for health and safety reasons and that the violations are ongoing.

If the Court approves this PSA, Peoria will enforce the abatement order against the new buyer. The concern for the health and safety of Peoria's citizens remains as long as the structure remains. A new landowner does not change these serious long-standing concerns.

3

## B. Debtor's Motion and PSA Again Raise Questions About Debtor's Intent When Filing for This Bankruptcy

Debtor's Motion and PSA again raise questions about Debtor's intent when filing this bankruptcy two and a half years ago. Debtor filed this bankruptcy shortly after losing his administrative appeal to stop the abatement order. Peoria had crews on-site preparing for the abatement.

As previously briefed with the Court, Debtor cannot use this bankruptcy proceeding to escape obligations under the abatement order. The Court has previously expressed reservations about whether the Debtor is properly using the Chapter 11 process.

> The Court discusses that if in fact the secured creditor is the only party that will benefit from the sale, and if the buyer is the secured creditors only hope to get paid, the case does not need to remain in the bankruptcy for the benefit of the Debtor who will not pay any unsecured creditors and whose only interest is to see that counsel gets paid. . . . The Court discusses that the Debtor does not need to be in bankruptcy for those contractual provisions to be favorable for the purchaser. Some delay is acceptable, but in this instance, it appears the Debtor has no idea when there will be a resolution. The Court does not think the Chapter 11 case is an appropriate use of the bankruptcy code.

*August 2, 2019 Minute Entry at 2.*

Debtor's PSA grants Debtor a non-transferrable right of first offer to lease the property from the buyer. For Debtor to lease the property that it decided to put into bankruptcy and liquidate is unusual. Debtor sat on the property for almost a decade, promising funding to complete the build-out of a hospital. That funding never materialized. Dissatisfied with unfulfilled promises, Peoria moved to demolish the structure, and at the last minute, Debtor filed for bankruptcy protection. Over two years later, the bankruptcy matter lingered with no

4

Case 2:17-bk-11742-SHG    Doc 252    Filed 02/26/20    Entered 02/26/20 09:35:45    Desc
Main Document    Page 4 of 8

plan. This Court set a show cause hearing allowing Debtor to show why the case should not be dismissed, whereupon Debtor requested more time to seek funding. Just as the Debtor failed to timely inform the Court about the prior buyer's decision to walk away from the purchase, now Debtor waited until the last minute to file this PSA with a new proposed buyer. Again, the PSA states that the buyer *must* lease back the Property to the Debtor - the very same Property the Debtor could not finance and complete construction for 10 years now.

Paired with the timing of the bankruptcy filing and all the other irregularities in this matter, the Debtor continues to try to use this process as a run-around or delay tactic so Peoria does not abate the unsafe structure on the property. The Court cannot condone such tactics.

**C.    Debtor's Motion and PSA Further Delay This Two-and-a-half year Process**

Debtor's motion and PSA continue a pattern of delay, prolonging a process this Court already views as unreasonably long. Debtor's motion and PSA propose delaying another 60 days until holding the sale (from the date of the motion), on top of the two years Debtor has already had. The PSA proposes additional unreasonable delays:

- A 60-day feasibility period from the opening of escrow where buyer can cancel for any reason. *Exhibit 1 PSA Section 9(c).*
- An unspecified time to "Opening of Escrow" when the Escrow Agent receives a fully executed copy of the PSA. PSA Section 5.
- 15 days for Seller to file for approval of sale and file certain bidding procedures. *PSA Section 6(a)(i).*
- 45 days to approve the Sale and Bidding Procedures Motion. *PSA Section 6(a)(ii).*

5

- 25 days to conduct the bidding (Auction) procedures. *PSA Section 6(a)(iii).*
- 10 days at the completion of the Auction to enter the Sale Order. *PSA Section 6(a)(iv).*
- 30 days at the end of the Feasibility Period to Close Escrow and complete the sale. *PSA Section 5.*

The PSA also allows the buyer or seller to cancel under a whole host of conditions that would reset this whole process and set everything back to square one. *PSA Section 6(b)-(c).* Peoria's citizens cannot wait around to find out that this buyer, too, will fall through like the last one. If this sale and PSA are approved, the timeframes found therein must be shortened and Peoria permitted to demolish the unsafe structure.

### D. In the Alternative, the Court Should Condition the Approval of the PSA Upon the Demolition of the Unsafe Structure

In the alternative, this Court should approve the PSA only if the demolition of the unsafe structure and concrete foundation is required as a condition for approval. The PSA should require demolition to begin within 30 days of the Court's approval, and require its completion within 120 days.

Adding this requirement while approving of the PSA does not frustrate the purpose of the bankruptcy code. The demolition requirement would allow the plan to move forward. As the Court already found prior in this matter the filing of a bankruptcy petition does not stay commencement or continuation of a civil action or proceeding to enforce a governmental

6

police power, especially when it comes to matters of health and safety. *See* 11 U.S.C. § 362(b)(4).

Case law also is in support of the text of the Bankruptcy Code and this Court's prior order lifting the stay. Indeed, Congress did not seek to supersede all state law with the bankruptcy code, but instead provided for application of state laws which do not stand as an obstacle the objectives of federal bankruptcy regulations. *Matter of Borne Chem. Co., Inc*., 54 B.R. 126, 130-131 (Bankruptcy Court. D.N.J. 1984).

The Court may "[examine] state law to determine whether there are any conditions which must be met prior to sale." *Id. at* 131. Peoria asks the Court to consider the pending and long-standing order to demolish the structure on the Property, along with the Bankruptcy Code and its prior decision to lift the stay for health and safety reasons. Adding a requirement of demolition to the PSA does not interfere, obstruct, or frustrate the objectives of the Code and still allows "a financially distressed debtor to effectively rehabilitate itself." *Id*. Thus, Debtor can complete the sale, fund a plan, and pay the creditors.

Peoria seeks that the structure and concrete foundation be removed as a condition of the purchase, and that the PSA be revised to reflect the condition. The condition may be either to require the potential buyer to demolish the structure and foundation, or allow Peoria to demolish the structure, and place a lien on the property according to state law.

**III. CONCLUSION**

Given all of the above, the Court should deny the motion to approve the buyer and PSA as submitted. If the Court approves the motion, to ensure protection of the health and safety of

7

the citizens of Peoria, the Court should condition approval on demolition of the structure and concrete foundation commencing with 30 days of Court approval of the motion and complete demolition with 90 days, whereby (a) the potential buyer demolishes the structure and concrete foundation, or (b) the City of Peoria is allowed to demolish and subsequently place a lien on the Property according to state law.

**RESPECTFULLY SUBMITTED** this 26th day of February, 2020.

**OFFICE OF THE CITY ATTORNEY
CITY OF PEORIA**

/s/ Saman J. Golestan
Saman J. Golestan, Assistant City Attorney
*Attorneys for the City of Peoria*

**ORIGINAL** e-filed with the Court and **COPY** mailed this 26th day of February, 2020 to:

Renee Sandler Shamblin
OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
Email: renee.s.shamblin@usdoj.gov

Phillip Rupprecht
AIKEN SCHENK HAWKINS & RICCIARDI P.C.
2390 East Camelback Road, Suite 400
Phoenix, AZ 85016
Email: prr@ashrlaw.com
Attorney for Debtor

**COPY** also mailed this same date to
All parties listed on the master mailing list:

/s/   Brittany Leonard

8